IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:07CR443 |
| vs. ) | |
| ) | REPORT AND |
| SIYAD WARSAME ALI, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's "Motion to Dismiss or for Sanctions Based on Ongoing Discovery Abuse & Contempt of Court Order" (Doc. 65), defendant's "Request to Withdraw Motion to Dismiss or for Sanctions," (Doc. 67), and the government's response thereto (Docs. 68 & 69).

In the Motion to Dismiss, filed at 11:53 AM on January 30, 2009, the defense alleges that the U.S. Attorney's Office refused to comply with a court-ordered subpoena and accused the government of withholding exculpatory evidence as to the 200 tax return of Mohamed Ugas. Although the motion raised many substantive issues of law, the defendant filed no brief in support of the motion which, itself, only reveals counsel's personal opinion that the tax return at issue might be exculpatory.

The local rules of this court, i.e., NECrimR 12.3(b)(1), provide:

**Form of Motion.** Unless the pretrial motion is unopposed, *see* Nebraska Criminal Rule 12.2, or does not raise a substantial issue of law, the motion must be filed as provided in this rule.

> **(1) Supporting Briefs.** The court may treat a party's failure to simultaneously file a brief as an abandonment of the motion. The brief must (A) concisely state the reasons for the motion, (B) cite relevant legal authority, and (C) cite to the pertinent pages of the record, affidavit, discovery material, or other evidence on which the moving party relies. A party's failure to brief an issue raised in a motion may be considered a waiver of that issue.

On the afternoon of Friday, February 6, 2009, the defendant filed a request to withdraw his Motion to Dismiss "without prejudice" because the requested information was produced.

The court finds that the defendant has waived the issues raised in his Motion to Dismiss due to his failure to provide any brief on the substantive issues of law raised in the motion.

In any event, the government's response to the defendant's motions completely addresses any concerns the court may have had about the discovery conducted in this case. The court finds that the defendant's "Motion to Dismiss or for Sanctions Based on Ongoing Discovery Abuse & Contempt of Court Order" (Doc. 65) is without merit and that his request to withdraw the motion "without prejudice" should be denied.

For these reasons,

**IT IS ORDERED** that defendant's request to withdraw his Motion to Dismiss "without prejudice" (Doc. 67) is denied.

**IT IS RECOMMENDED** that defendant's "Motion to Dismiss or for Sanctions Based on Ongoing Discovery Abuse & Contempt of Court Order" (Doc. 65) be denied in its entirety.

Pursuant to NECrimR 57.3, a party may object to this Report and Recommendation by filing an "Objection to Report and Recommendation" no later than **12:00 noon on Wednesday, February 11, 2009.**[1]  The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED February 9, 2009.**

            **BY THE COURT:**

            s/ F.A. Gossett
            **United States Magistrate Judge**

---

[1] This is an expedited date because trial is set for Tuesday, February 17, 2009.