IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR443 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| SIYAD WARSAME ALI, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the following motions filed by the Defendant, Siyad Warsame Ali: Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 151); and the motion for leave to proceed in forma pauperis (Filing No. 152). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### FACTUAL BACKGROUND

Ali was found guilty after a jury trial of ten counts of the Indictment charging him with aiding and assisting in the preparation of false income tax returns. Ali was sentenced to ten concurrent terms of 33 months imprisonment and 1 year supervised release. The Eighth Circuit Court of Appeals affirmed this Court's Judgment, and Ali's timely § 2255 motion followed.

**DISCUSSION**

In his § 2255 motion, Ali argues that he received ineffective assistance of counsel from this retained trial counsel, Brent Nicholls, and his appellate counsel, Shannon O'Connor.[1] Ali filed a supporting brief, in which he elaborated on his alleged grounds of ineffective assistance of counsel.

In order to establish ineffective assistance of counsel, Ali must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687.

Ali argues that his trial counsel was ineffective in failing to: investigate his case; preserve a Confrontation Clause objection to a letter written by Gladys Hall, resulting in consideration of the issue on appeal under the plain error standard of review; further explore the reported contact between an IRS trainee assisting with trial and a juror; challenge the authenticity of government's exhibit 100; object to the entry into evidence of government exhibits 109 and 110; call certain individuals as trial witnesses; challenge the

---

[1] SAli was originally appointed counsel from the Federal Public Defender's Office. He then chose to retain William Gallup, and later he retained Nicholls. After trial, Nicholls' motion to withdraw was granted and Ali again was appointed an attorney from the Federal Public Defender's office, Shannon O'Connor. Ali then directed his attorney to move to withdraw before sentencing. The motion was granted, and Ali appeared pro se with standby counsel at sentencing. The Eighth Circuit appointed O'Connor to represent Ali on appeal.

credibility of certain witnesses with their purported past use of false names; forcing Ali to testify at trial against his will; properly object to the admissibility of tape recordings and authenticate the recordings; have the government prove the willfulness element of 26 U.S.C. § 7206(2), the statute under which he was charged in all ten counts.

He argues that his appellate counsel was ineffective in failing to raise on appeal the issue of the admissibility of the tape recordings and their authentication.

Ali's claims are discussed below.

**I.      Investigation**

Ali argues numerous alleged failures of his trial counsel to investigate his case. The government will be ordered to answer this claim.

**II.     Confrontation Clause**

Ali argues that his trial counsel failed to preserve a Confrontation Clause objection to a letter written by Gladys Hall. The government will be ordered to answer this claim.

**III.    Juror Contact**

During trial, the government's attorney reported that, during a break, an IRS criminal investigation trainee, Evan Carpenter, who had been assisting the prosecution with witnesses, asked a juror whether that juror thought another juror realized he or she exited off a court elevator on the wrong floor, and then asked in the "colloquial sense": "Where are we going to lunch?" The juror's response to the first question was "he'll figure it out," and to the second question, "I'm going to meet my brother." (Filing No. 115, at 485.) When the matter was discussed between the attorneys and the Court, defense counsel stated he was not concerned about the contact. The government's attorney stated he would send Carpenter out of the courthouse.

Ali argues his trial counsel was ineffective for not exploring the contact further. He has not, however, demonstrated how the described contact prejudiced his defense when the contact was not related to his case. Because he cannot meet the second *Strickland* prong, the claim is summarily denied.

**IV.     Government Exhibit 100**

Ali argues his trial counsel was ineffective for failing to challenge the authenticity of government's exhibit 100, described on the exhibit list as "[n]otes." The g]overnment will be ordered to answer this claim.

**V.      Government Exhibits 109, 110**

Ali asserts his trial counsel was deficient in failing to object based on foundation to the entry into evidence of government exhibits 109 and 110. Both exhibits are spreadsheets. The exhibit list shows that trial counsel did object, arguing the exhibits misstated the evidence. The Court overruled the objection and admitted the exhibits as summaries under Federal Rule of Evidence 1006. Defense counsel stated that the underlying documents had been produced as discovery.

The government will be ordered to answer this claim.

**VI.     Choice of Witnesses**

Ali names several individuals that he claims should have been called as trial witnesses. Choice of witnesses is generally a matter of trial strategy and therefore unreviewable. However, Ali claims he told his attorney about individuals who, if called as witnesses, would have strengthened his case. *United States v. Vazquez-Garcia,* 211 Fed. Appx. 544, at **1 (8th Cir. 2007) (noting the difference between a simple failure to call a

witness and the failure to interview the prospective witness and investigate after the defendant informed counsel the prospective witness had exculpatory information).

The government will be ordered to answer this claim.

### VII. Witness Credibility

Ali argues his trial counsel was ineffective for failing to challenge the credibility of certain witnesses with their purported use of false names in the past.

The government will be ordered to answer this claim.

### VIII. Defendant's Testimony

Ali argues his trial attorney was ineffective for not advising Ali he had a constitutional right to testify or not, and essentially forcing Ali to testify at trial against his will.

The government will be ordered to answer this claim.

### IX. Tape recordings

Ali argues his trial lawyer was ineffective for not properly objecting to the admissibility of tape recordings and "authenticat[ing]" the recordings.

The government will be ordered to answer this claim.

### X. Willfulness

Ali argues his trial attorney was ineffective for failing to have the government prove "willfulness" as an element of the offenses with which he was charged.

In each jury instruction regarding the elements of the offenses charged in Counts I, II, IV, V, VI, VII, VIII, IX, X and XI, the jury was instructed to find as the fourth element that Ali "acted willfully." (Filing No. 16, Instruction Nos. 7-16.) Additionally, the jury instructions defined "willfully." (*Id.*, Instruction No. 17.)

Ali cannot prove either *Strickland* prong, and this claim is summarily denied.

## CONCLUSION

Claims III and X will be summarily denied, as it plainly appears from the record that Ali is not entitled to relief with respect to those claims. The United States shall respond to Claims I, II, IV, V, VI, VII, VIII and IX by filing an Answer. In addition to any other issues raised in the Answer, the United States shall address whether the claims are barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 151);

2. Upon initial review, the Court summarily dismisses Claims III and X;

3. On or before May 26, 2011, the United States shall file an Answer to Claims I, II, IV, V, VI, VII, VIII and IX and support its Answer with a brief;

4. On or before June 27, 2011, the Defendant may file a responsive brief;

5. The Defendant's motion for leave to proceed in forma pauperis (Filing No. 152) is held in abeyance; and

6. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 26th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge