IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:07CR443** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **SIYAD WARSAME ALI,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the merits of the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 151) filed by the Defendant, Siyad Warsame Ali. Ali's motion is supported by a document captioned as a "Declaration" that includes his statement of facts as well as his legal conclusions. (Filing No. 153.) The government filed a very detailed brief in support of its Answer (Filing No. 161). Also before the Court is Ali's motion for leave to proceed in forma pauperis (Filing No. 152). On initial review, the Court dismissed Claims III and X and required the government to answer Claims I, II, IV, V, VI, VII, VIII, and IX. For the reasons discussed below, the § 2255 motion will be denied on its merits.

## FACTUAL BACKGROUND

Ali was found guilty after a jury trial of ten counts of the Indictment charging him with aiding and assisting in the preparation of false income tax returns. Ali was sentenced to ten concurrent terms of 33 months imprisonment and 1 year supervised release. The Eighth Circuit Court of Appeals affirmed this Court's Judgment, and Ali's timely § 2255 motion followed. The Court notes that in its brief, the government provided a very detailed 20-page statement of facts (Filing No. 161, at 2-22).

In Ali's claims, he argues that his trial and appellate counsel were ineffective. Each claim that the government was required to answer is discussed below. The Court determined that Ali waived his attorney-client privilege with respect to the matters raised in his ineffective assistance of counsel claims, and the government presented an affidavit of trial counsel, Brent W. Nicholls (Filing No. 162). Appellate counsel was First Assistant Federal Public Defender Shannon P. O'Connor.

## DISCUSSION

In order to establish ineffective assistance of counsel, Ali must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

**I.     Claim I - Investigation**

Ali argues that his trial counsel failed to properly investigate his case with respect to IRS 1040 forms and HSBC bank records.

**A.     IRS 1040 Forms**

Ali argues that his attorney should have subpoenaed and reviewed IRS 1040 tax forms for all of the tax filings at issue because the name of the tax preparer would be reflected on the 1040 forms. Ali attempts to argue he was not the tax preparer.

2

As the government stated in its brief, evidence in the form of testimony from Agent Tarr showed that Ali's signatures on the 8453 documents were similar to his signatures on bank and fingerprint cards. (Filing No. 161, at 27.) The Eighth Circuit determined that this Court did not err in admitting Agent Tarr's testimony, noting that Ali had an opportunity on cross-examination to challenge Agent Tarr's opinion. *United States v. Ali,* 616 F.3d 745, 754-55 (8th Cir. 2010). Generally, a matter decided on direct appeal may not be relitigated in the § 2255 context. *Sun Bear v. United States,* 644 F.3d 700, 702 (8th Cir. 2011). Therefore, the claim is denied.

**B.    HSBC Financial Records**

Ali argues that the Court erred in admitting the HSBC records at trial. The Eighth Circuit considered the issue and concluded that the Court did not err in admitting the records. As the matter was decided on direct appeal, it may not be relitigated now. *Id.* The claim is denied.

**II.    Claim II - Confrontation Clause**

Ali argues that his trial counsel failed to preserve a Confrontation Clause objection to a letter written by Gladys Hall with respect to HSBC records. This matter was decided by the Eighth Circuit on direct appeal and need not be relitigated in this context. *Id.* The claim is denied.

**III.    Claim IV - Government Exhibit 100**

Ali argues his trial counsel was ineffective for failing to challenge the authenticity of government's exhibit 100, described on the exhibit list as "[n]otes." (Filing No. 84.) As the government indicated in its brief, when the exhibit was introduced trial counsel was given

an opportunity to discuss the exhibit with Ali. Mr. Nicholls did so, and after his discussion with Ali the exhibit was admitted into evidence without objection. (Filing No. 115, at 501-06.) Ali cannot prove either *Strickland* prong, and the claim is denied.

IV.     **Claim V - Government Exhibits 109, 110**

Ali argues his trial counsel was deficient in failing to object, based on foundation, to the entry into evidence of government exhibits 109 and 110, which are summary charts relating to the tax loss to the government, prepared by Agent Michele Bognich, an IRS tax auditor. As the government stated in its brief, Agent Bognich testified to her preparation of the exhibits, and the materials she used to prepare the exhibits had been given to the defense as discovery material. (Filing No. 115, at 569-77.) Defense counsel objected to the admission of the exhibits, arguing that the exhibits misstated the evidence and testimony would impact the spreadsheets. The Court overruled the objection, admitted the exhibits into evidence, and noted that counsel could explore the stated issues on cross-examination. (Tr. 576-77.) As the government stated, even if the exhibits had not been admitted into evidence the agent would have been able to testify to the amount of loss. The Defendant cannot prove either prong of *Strickland,* and the claim is denied.

V.      **Claim VI - Choice of Witnesses**

Ali argues that his attorney was ineffective for failing to call certain witnesses: parents or guardians of the children listed as dependents by the tax filers; Christopher Manuel, a TaxWise employee; Christina Carter, who prepared one tax return; Den Koc and Makur Gum, who would have testified that Mohamed Ugas prepared their tax returns that reflected fuel tax credit deductions; and two Sudanese emigrants who would have provided names

of witnesses who in turn would have testified that government witnesses used false names upon entering the United States.

As the Eighth Circuit has stated, defense counsel's decision not to call a witness "is a '"virtually unchallengeable' decision of trial strategy." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005) (quoting *United States v. Davidson,* 122 F.3d 531, 538 (8th Cir. 1997)). Mr. Nicholls stated in his Affidavit that he spent approximately 40 hours meeting with Ali, and he reviewed discovery materials himself and with Ali. Mr. Nicholls interviewed witnesses and chose them based on the trial strategy discussed with Ali. (Filing No. 162.)

The record shows that Mr. Nicholls properly chose a trial strategy, discussed that strategy with Ali, and chose witnesses accordingly. The Defendant cannot prove either prong of *Strickland,* and the claim is denied.

## VI.   Claim VII - Witness Credibility

Ali argues that Mr. Nicholls failed to challenge the credibility of certain witnesses by raising their use of false names in the past. Ali did not provide the names of the witnesses in question. The government notes that two witnesses testified they had used false names in the past. The Defendant cannot prove either prong of *Strickland,* and the claim is denied.

## VII.   Claim VIII - Defendant's Right to Testify

Ali claims that Mr. Nicholls failed to advise him of his constitutional right not to testify, arguing that he told his attorney he did not want to testify. Mr. Nicholls stated in his Affidavit that when Ali told him he wanted to testify, Nicholls advised him of his right not to testify. Mr. Nicholls stated he never told Ali he had to testify or that his failure to testify would result in negative consequences. Mr. Nicholls emphasized that Ali made the decision to testify after he was appropriately advised of his constitutional rights.

Because the record shows no advice of constitutional rights, the Court is presented with a factual issue based on defense counsel's Affidavit and a Ali's declaration. In this situation, an evidentiary hearing is required, unless "'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Brown v. United States,* 178 Fed. App'x 590, at **1 (8th Cir. 2006) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

If the Court were to hold a hearing, the evidence would consist of the testimony of Ali and Mr. Nicholls and, therefore, would likely not aid the Court because the record already includes the written testimony of both individuals. Ali stated in his Declaration that Mr. Nicholls told him that if he did not testify he would "face adverse consequences" from the Court and the government. (Filing No. 153, at 16.) In fact, the converse was true. As indicated in the Presentence Investigation Report ("PSR"), Ali received a two-level upward adjustment under U.S.S.G. § 3C1.1 for obstruction of justice based on Ali's false trial testimony, and he did not receive a downward adjustment for acceptance of responsibility. (PSR, ¶¶ 23, 25.) Moreover, Mr. Nicholls stated in his Affidavit that he not only advised Ali of his constitutional right not to testify, but the advantages and disadvantages of testifying. Mr. Nicholls stated that he spent "numerous" hours with Ali reviewing his testimony after which Ali, not Mr. Nicholls, made the decision that Ali would testify. In summary, Mr. Nicholls's Affidavit shows that he acted as an experienced criminal defense attorney presented with a client who insisted on testifying at trial. Ali's Declaration, however, simply does not make sense in light of the record or the law. Therefore, because Ali's allegations "'cannot be accepted as true because they are contradicted by the record, [and are] inherently incredible'" *Brown,* 178 Fed. App'x at **1 (quoting *Engelen,* 68 F.3d at 240), a

hearing is unnecessary. The Defendant cannot prove either prong of *Strickland,* and the claim is denied.

## VIII. Claim IX - Tape Recordings

Ali argues his attorney was ineffective for not properly objecting to the admissibility of tape recordings (Exhibits 49 and 50) and "auenthticat[ing]" the recordings. He also argues his appellate counsel, First Assistant Federal Public Defender Shannon P. O'Connor, failed to raise this issue on direct appeal.

The Court must consider the following foundational requirements before admitting a recording into evidence:

> (1) That the recording device was capable of taking the conversation now offered in evidence. (2) That the operator of the device was competent to operate the device. (3) That the recording is authentic and correct. (4) That changes, additions or deletions have not been made in the recording. (5) That the recording has been preserved in a manner that is shown to the court. (6) That the speakers are identified. (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement.

*United States v. Oslund,* 453 F.3d 1048, 1054 (8th Cir. 2006).

Agent Tarr testified regarding the foundation for Exhibits 49 and 50. (Filing No. 114, at 272-99.) The Court took a recess to enable the defense to compare the transcripts (Exhibits 49A, 50A) with the recordings. Defense counsel objected based on prejudice and Federal Rule of Evidence 106, and Exhibits 49, 49A, 50, 50A were admitted into evidence. Ali testified he was taped on March 15, 2005, and on April 11, 2005, the dates of the recordings in Exhibits 49 and 50. (Filing No. 114, at 794 & 796-97.) In his § 2255 motion, Ali did not specify what foundation was lacking or that Exhibits 49 or 50 were inaccurate. Considering the relevant factors, together with Ali's own trial testimony, his counsel had no

reason to object to the authentication of the tape recordings labeled Exhibit 49 and Exhibit 50.  The Defendant cannot prove either prong of *Strickland,* and the claim is denied.

## CONCLUSION

Ali has proved neither *Strickland* prong with respect to his claims.  Because the record conclusively shows that Ali is not entitled to relief, his motion is denied without an evidentiary hearing.

IT IS ORDERED:

1.      The Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 151) is denied in its entirety;

2.      The Defendant's motion for leave to proceed in forma pauperis (Filing No. 152) is denied;

3.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address; and

4.      A separate Judgment will be filed.

DATED this 23rd day of September, 2011.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge