IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR443 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| SIYAD WARSAME ALI, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 151). In the Court's Memorandum and Order of September 23, 2011 (Filing No. 164), initially denying the Defendant's Motion, the Court said with respect to his allegation that Defendant Siyad Warsame Ali ("Ali") had not been advised by counsel of his right not to testify:

> **VII. Claim VIII - Defendant's Right to Testify**
>
> Ali claims that Mr. Nicholls failed to advise him of his constitutional right not to testify, arguing that he told his attorney he did not want to testify. Mr. Nicholls stated in his Affidavit that when Ali told him he wanted to testify, Nicholls advised him of his right not to testify. Mr. Nicholls stated he never told Ali he had to testify or that his failure to testify would result in negative consequences. Mr. Nicholls emphasized that Ali made the decision to testify after he was appropriately advised of his constitutional rights.
>
> Because the record shows no advice of constitutional rights, the Court is presented with a factual issue based on defense counsel's Affidavit and Ali's declaration. In this situation, an evidentiary hearing is required, unless "'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Brown v. United States,* 178 Fed. App'x 590, at **1 ($8_{th}$ Cir. 2006) (quoting *Engelen v. United States,* 68 F.3d 238, 240 ($8_{th}$ Cir. 1995)).

> If the Court were to hold a hearing, the evidence would consist of the testimony of Ali and Mr. Nicholls and, therefore, would likely not aid the Court because the record already includes the written testimony of both individuals.

*Id*. at 5-6.

This Court then found the allegations of Ali to be "inherently incredible," and denied Ali's Motion. On May 2, 2012, the United States Court of Appeals for the Eighth Circuit remanded the matter to this Court for an evidentiary hearing on the question of whether Ali's counsel, Brent Nicholls, was ineffective for allegedly "failing to properly advise him regarding his right not to testify at trial[.]" (Filing No. 171 at 1).

Counsel was appointed for Ali on May 29, 2012, and an evidentiary hearing was held before the undersigned on November 14, 2012, at which time Ali was present with his court-appointed counsel, Assistant Federal Public Defender, Shannon O-Connor. The United States was represented by Assistant United States Attorney Michael Norris. Testimony of Nichols and of Ali was received.

While Nichols acknowledged his limited experience in criminal trial practice, he clearly and adamantly testified to his conversations with Ali, advising him of his right not to testify at trial. This Court finds Nichols to be a credible witness, and finds no reason to doubt or question his statements regarding the advice given to Ali regarding his right not to testify.

Ali stated that he intended to offer testimony in his defense at the time of his trial, but became nervous when he observed how other witnesses were subjected to cross-examination. He alleges that when he told Nichols he had reservations about testifying, Nichols told him the judge and prosecutor would be very angry with him if he did not testify. This Court finds Ali's testimony to lack credibility for several reasons. First, the

undersigned judge heard all the testimony and other evidence at the initial trial of this matter, and that evidence established that Ali has a long and sophisticated history of fraud, deception, and untruthfulness.  The witnesses who testified against him at the time of trial were very credible, and Ali was not.  The jury concluded that Ali had perpetrated a series of frauds, preying on vulnerable immigrants to their detriment and the detriment of the United States Treasury.  The jury's decision was fully supported by the evidence.  Second, the undersigned judge finds it incredible that any lawyer in this jurisdiction would tell a client that a failure to testify would make the judge and prosecutor very angry.  Third, although Ali now contends that he did not want to testify at his trial and was frightened, his demeanor at the trial gave no suggestion that he was nervous, frightened, or reluctant to testify.

Having heard the live testimony of Nichols and Ali, and weighed their respective statements and credibility,

IT IS ORDERED:

That portion of Defendant Siyad Warsame Ali's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 151) revisited on remand, following evidentiary hearing, is again denied.

DATED this 28th day of November, 2012.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge